## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COOKEVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH WOLCOTT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 2:13-cv-00062 |
| v. | ) | Senior Judge Haynes |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Movant, Joseph Wolcott, filed this action under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his convictions for drug trafficking, illegal gambling, money laundering, and animal fighting, for which he received a twenty-year mandatory minimum sentence for the drug charges, and a consecutive three-year sentence for the remaining charges.

On his ineffective assistance of counsel claims, Movant requests an evidentiary hearing. (Docket Entry No. 2 at 25-27). Respondent contends that Movant's motion should be denied without an evidentiary hearing. If the Court grants Movant an evidentiary hearing, however, Respondent requests that the hearing be limited to the question presented by Movant's third claim for relief. (Docket Entry No. 13 at 9).

Movant's third and fourth claims contend that his trial and appellate attorneys were constitutionally ineffective. "If a habeas petitioner presents a factual dispute, then 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" Pola v. United States, 778 F.3d 525, 532 (6th Cir. 2015) (quoting Huff v. United States, 734 F.3d 600, 607 (6th Cir. 2013)). "The hearing is mandatory 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Smith v. United States, 348 F.3d 545,

550 (6th Cir. 2003) (quoting Fontaine v. United States, 411 U.S. 213, 215 (1973)). No hearing is necessary, however, "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts . . . ." Huff, 734 U.S. at 607 (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotations omitted).

"To establish ineffective assistance of counsel, a petitioner bears the burden of showing: '(1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant.'" McPhearson v. United States, 675 F.3d 553, 559 (6th Cir. 2012) (quoting Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003)). "An attorney's performance is deficient if 'counsel's representation fell below an objective standard of reasonableness.'" Huff v. United States, 734 F.3d 600, 606 (6th Cir. 2013) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). "[T]o establish deficient performance, a petitioner must identify acts that were 'outside the wide range of professionally competent assistance.'" Smith v. United States, 349 F.3d 545, 551 (6th Cir. 2003) (quoting Strickland, 466 U.S. at 690). To establish prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 349 F.3d at 694.

Movant's third claim is that misinformation provided by his trial counsel during plea negotiations led to Movant rejecting Respondent's plea offer. Where the prejudice alleged is that ineffective advice led to a plea offer's rejection,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's

terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 132 S.Ct 1376, 1385 (2012).

Here, after rejecting Respondent's plea offer of eight years and being convicted at trial, Movant was sentenced to a mandatory minimum sentence of twenty years for his drug charges. Movant argues that he rejected the offer because his trial counsel advised him, incorrectly, that Movant's prior state court drug conviction could not enhance his sentence to a twenty-year mandatory minimum. Movant also argues that his poor medical condition contributed to his rejection of Respondent's offer by making it more difficult to communicate meaningfully with his attorney. The Court concludes that an evidentiary hearing is necessary to resolve the factual dispute of whether Movant's counsel misinformed him that his prior state court drug conviction could not be used to enhance his sentence, as the record does not "**conclusively** show that the prisoner is entitled to no relief" on this claim. See Smith, 348 F.3d at 550 (emphasis added).

Movant's fourth claim is that his trial counsel prevented him from testifying at trial, and that his appellate counsel was ineffective in failing to raise this issue on direct appeal. "The right of a defendant to testify at trial is a constitutional right of fundamental dimension and is subject only to a knowing and voluntary waiver by the defendant." United States v. Webber, 208 F.3d 545, 550 (6th Cir. 2000) (citations omitted). Yet, "[a] defendant is presumed to have waived his right to testify unless the record contains evidence indicating otherwise." Hodge v. Haeberlin, 579 F.3d 627, 639 (6th Cir. 2009) (citing Webber, 208 F.3d at 551). A petitioner must make a "substantial showing" that counsel prevented him from testifying. See Pagliani-Gallego v. United States, 76 Fed.Appx. 20, 23 (6th Cir. 2003) (citing Underwood v. Clark, 939 F.2d 473, 476 (7th Cir. 1991)).

Here, Movant concedes that the record is silent as to whether he freely and voluntarily waived his right to testify. (Docket Entry No. 2 at 23). Movant cannot point to any evidence in the record that contravenes the presumption that he waived his right to testify.[1] Thus, Movant has failed to make the "substantial showing" that counsel prevented him from testifying necessary to establish deficient performance by counsel. See Pagliani-Gallego, 76 Fed.Appx. at 23. Without more than a bare assertion that his counsel prevented him from testifying, the Court concludes that Movant is not entitled to an evidentiary hearing on his fourth claim. See id.

Where an evidentiary hearing is appropriate, "the hearing conducted by the court, . . . must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." Smith, 348 F.3d at 550 (quoting United States v. Todaro, 982 F.2d 1025, 1030 (6th Cir. 1993)). Thus, the Court concludes that Movant is entitled to an evidentiary hearing for the limited purpose of developing facts related to Movant's third claim, that his trial counsel misinformed him that Respondent could not use his prior state court drug conviction to enhance his sentence to a twenty-year mandatory minimum for his drug charges.

An appropriate Order is filed herewith.

ENTERED this the _10_ day of December, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

_____

[1] Movant's Memorandum (Docket Entry No. 2) and Reply (Docket Entry No. 18) repeatedly reference his purported affidavit to substantiate his claims, but the Court finds no such affidavit in the record.